IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SAMUEL BAKER,**

    Petitioner,

v.	CIVIL ACTION NO.: 3:24-CV-38 (GROH)

**WARDEN LOVETT,**

    Respondent.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 21. Therein, Magistrate Judge Trumble recommends (1) the Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] be denied and dismissed and (2) the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 9] be granted. ECF No. 21 at 20–21. The Petitioner timely filed an objection to the R&R. ECF No. 23. Accordingly, this matter is ripe for adjudication.

### I.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and thoroughly summarizes the background of this case in his R&R. ECF No. 21 at 2–12. In the interest of brevity, the Court incorporates that summary herein.

The R&R recommends the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 9] be granted and that this case be dismissed with prejudice. Id. at 20–21. Specifically, the R&R reasons 18 U.S.C. § 3624(g) and (c) "provide the BOP with discretion to determine when and whether to transfer an inmate to prerelease custody." Id. at 19. Because "[t]he BOP exercised that discretion and determined that it was not practicable to release the Petitioner" and "there is no mandate under the statute to place the Petitioner in an RRC placement," the R&R concludes the Petitioner is not entitled to the relief he seeks. Id. at 19–20.

The Petitioner, without pointing to any particular reasoning or conclusion in the R&R, proffers a single objection: "FBOP policy for RRC placement states Placement shall be done 17–19 months prior to the projected release date. Its a very clear polic[y]. Not 6 months or 8 months or 12 months prior to the release date. Its 17–19 months." ECF No. 23.

The Petitioner's objection lacks merit. Generally, "any substantive decision by the BOP with regard to [a] petitioner's eligibility for RRC placement, or the length of time in

an RRC, is not reviewable by this Court." Douglas v. Stewart, 2011 WL 4708785, *6 (N.D. W. Va. Sept. 12, 2011) (Joel, M.J.), R. & R. adopted by 2011 WL 4708781 (Oct. 4, 2011) (citing Lyle v. Sivley, 805 F. Supp. 755, 760 (D. Ariz. 1992)); see 18 U.S.C. § 3625. Moreover, regardless of "a prisoner's eligibility for a placement . . . in an RRC, it is within the sole discretion of the BOP whether to place the prisoner in an RRC, and if so, for how long." Garrison v. Stansberry, 2009 WL 1160115, *4 (E.D. Va. Apr. 29, 2009) (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005)); see generally 18 U.S.C. § 3624(c). Therefore, the Court agrees with the R&R and holds the Petitioner is not entitled to the relief he seeks.

### III. CONCLUSION

For the above reasons, the Petitioner's objection [ECF No. 23] is **OVERRULED**. Having reviewed the remainder of the R&R for clear error, the Court finds the R&R carefully considered the record and applied the appropriate legal analysis.

Accordingly, it is the opinion of this Court that the R&R [ECF No. 21] should be, and is hereby, **ORDERED ADOPTED**. The Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 9] is **GRANTED**, the Petitioner's petition [ECF No. 1] is **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to **TERMINATE AS MOOT** all pending motions. The Clerk is **FURTHER DIRECTED** to transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to any counsel of record electronically.

**DATED**: January 8, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE